UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TRUSTEES OF CARPENTERS PENSION
TRUST FUND - DETROIT AND VICINITY,

                Plaintiff,

        v.

CENTURY TRUSS COMPANY, a Michigan corporation, CENTURY TRUSS COMPANY OF MICHIGAN. a Michigan limited liability company, RANDY M. BERGERON, an individual, jointly and severally,

                Defendants.
_____/

Case No. 12-15165
HON. TERRENCE G. BERG

**ORDER DENYING PLAINTIFF'S EX-PARTE MOTION FOR ALTERNATE SERVICE AND DISMISSING CASE WITHOUT PREJUDICE**

This matter is currently before the Court on Plaintiff's Ex-Parte Motion for Alternate Service, filed in response to the Court's April 9, 2013 Order to Show Cause.  Having reviewed Plaintiff's motion and the exhibits attached thereto, the Court finds that Plaintiff has failed to show good cause why this case should not be dismissed for failure to prosecute.  As such, Plaintiff's motion is DENIED and the case shall be DISMISSED without prejudice.

This case was filed on November 21, 2012, and summonses for all Defendants were issued on November 26, 2012.  According to the process server affidavits attached to Plaintiff's motion, service was attempted on multiple dates in December.  Those Affidavits are summarized, in relevant part, as follows:

- Regarding Defendant Century Truss Company of Michigan, service was first attempted at 7600 Kensington Court, Brighton, Michigan, on December 11, 2012.  The tenant at that address, Tech Products, stated that that Century

>   Truss Company went out of business shortly before Tech Products purchased the building in November 2012. Plaintiffs' process server then identified 8085 Boardwalk, Brighton, Michigan, as a possible address for service and attempted service at that address on December 14, 2012. The process server noted that the building was closed, and there were no visible signs of truss manufacturing at the location. The record shows no additional attempts were made to serve this defendant.
>
> - Regarding Defendant Century Truss Company, service was first attempted at 32423 Grand River Avenue, Farmington Hills, Michigan, on December 12, 2012. The tenant at that address, Designs by Dompierre, stated that Defendant was no longer in the building, and informed Plaintiff's process server that Defendant may be located in Brighton, Michigan. Plaintiffs' process server then identified 7600 Kensington Court, Brighton, Michigan, as a possible address for service and attempted service at that address on December 21, 2012, but there was no answer.[1] The record shows no additional attempts were made to serve this defendant.
>
> - Regarding Defendant Randy Bergeron, service was first attempted at 26246 Ballantrae Court, Farmington Hills, Michigan, on December 12, 2012. There was no answer. Shortly thereafter, on December 16, 2012, Plaintiffs' process server returned to that address to find a "**VACANT LOT, HOUSE BURNED DOWN**." As with Defendant Century Truss Company, service was then attempted at 7600 Kensington Court, Brighton, Michigan, on December 21, 2012, but there was no answer. The record shows no additional attempts were made to serve this defendant.

(Dkt. 6, Ex. 1) (emphasis added). According to the process server's affidavits, the last recorded attempt to effectuate service was four months ago, on December 21, 2012. The affidavits were dated January 17, 2013. As of that date, Plaintiff was on notice that the summonses had not been served on Defendants. Plaintiff provides no evidence that it took any efforts to serve Defendants after January 17, 2013; indeed, it does not appear that Plaintiff took *any* further action in this case until confronted by the Court's Order to Show Cause on April 9, 2013.

---

[1] This is the same address where Plaintiffs' process server earlier attempted to serve Defendants Century Truss Company of Michigan on December 11, 2012.

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 120 days after the filing of a complaint in which to effectuate service. Thus, Plaintiffs had until March 21, 2013, to either: (1) make additional attempts at service (until one of those attempts was successful), or (2) file a motion for alternate service and an extension of time. Plaintiff did neither, and the summonses expired. Under Rule 4(m), the court must dismiss the complaint without prejudice (or order that service be made by a certain date), unless Plaintiff shows good cause for failing to serve Defendants within 120 days:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added); *see also Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996) ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal").

On April 9, 2013, the Court issued an Order to Show Cause Why This Case Should Not be Dismissed for Failure to Prosecute (Dkt. 5).

Plaintiff responded to that Order by filing an Ex Parte Motion for Alternate Service on April 16, 2013 (Dkt. 6). Under Fed. R. Civ. P. 4(e)(1), service may be accomplished by following state procedural law, which, in Michigan, allows the Court discretion to order alternate means of service if personal service cannot reasonably be made and the alternate service would likely provide actual notice to the defendant. MCR 2.105(I)(1). Unfortunately, Plaintiff's proposed means of

3

alternate service—mailing a copy of the summons and complaint and/or firmly tacking a copy of same to the front door—is unlikely to be successful when, as Plaintiff knows from its affidavits of service, two of the proposed addresses are for a burned down building and a location no longer occupied by any of the defendants. Consequently, the proposed alternate means of service is clearly not in a "*manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.*" MCR 2.105(I)(1) (emphasis added).[2]

Furthermore, Plaintiff's motion fails to demonstrate the necessary "good cause" to extend the time for service in this case. From the date of its process server's affidavits, Plaintiff had over two months remaining in which to complete service; the failure to try again does not constitute good cause.

If the proposed means of alternate service were authorized, and Defendants failed to answer, it is entirely possible Plaintiff would seek and obtain a default judgment against a group of defendants with no actual notice of the proceedings against them. Such a result would be inappropriate. Plaintiff failed to serve the complaint and summons within 120 days and has also failed to show any good cause for this failure that would justify an extension of time. The Court will authorize alternative service by mailing or posting to neither the address of a house that is burned down, nor the address of a building where Defendants are no longer located.

---

[2] It is unclear why Plaintiff fails to include 8085 Boardwalk, Brighton, Michigan in the list of addresses provided for alternate service. Based on the affidavits, no one was ever reached at that address; it is entirely possible that Defendants operate a business out of that location. Instead, Plaintiffs included 17199 N. Laurel Park Drive, Suite 402, Livonia, Michigan. There is no evidence that service was previously attempted at that address. Absent a "showing that service of process cannot reasonably be made," the Court will not authorize alternate service. *See* MCR 2.105(I)(1). There is nothing in the record that supports the conclusion that personal service could not reasonably be made at the Livonia address.

Plaintiff may re-file the complaint and thereby gain an additional 120 days to effectuate service of process. Alternate means of service may be authorized if good cause is shown prior to the expiration of the 120 days.

Accordingly, Plaintiff's Ex-Parte Motion for Alternate Service (Dkt. 6) is **DENIED**. Further, it is **ORDERED**, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. LR 41.2, that this case is **DISMISSED** without prejudice for failure to prosecute.


Dated:  April 25, 2013                         s/Terrence G. Berg
                                               TERRENCE G. BERG
                                               UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on April 25, 2013, using the CM/ECF system, which will send notification to all parties.

                                               s/A. Chubb
                                               Case Manager